And we appreciate both arguments on both sides. And now U.S. v. Joshua Schatz. And Mr. Leon, you may approach the lectern when you're ready. You may proceed. Thank you, Your Honor, and may it please the Court. Mr. Schatz's prior conviction under 3B does not trigger the 10-year mandatory minimum under 2252AB2. And that is because a prior conviction under 3B does not categorically relate to any sexual abuse clause in 2252AB2. You're saying his conviction under, say it one more time? 3B. Okay. To prove that point, Mr. Schatz's opening brief raises three overarching arguments. The first is that this Court's decision in Osborne resolves the appeal in his favor. The other two are just arguments in the alternative, under first principles, should this Court decide that Osborne does not resolve the appeal in his favor. Today, unless the Court directs me otherwise, I'm going to focus only on the Osborne argument. Well, I want to just get this out of the way for myself, Mr. Leon. Why is Mr. Schatz's conviction under Indiana Section 3B not one that, quote, bears a connection with, end quote, the sexual abuse of a minor as defined in federal law despite the broader scope of Section 3B? I'm using, as I'm sure you know, Leisman's language regarding the connection. Thank you, Judge Rolder. So, our answer is Osborne because Osborne applied a relaxed mismatch test too and held that 9B under Indiana law did not relate to the same exact federal sexual abuse clauses that we are dealing with here today. So I would point the Court to the language in Osborne and it says, quote, as a matter of federal law, sexual behavior is abusive only if it is similar to one of the crimes denominated as a form of abuse. Similar is not necessarily identical. So as this Court suggested in Giesland, as it suggested in Kramer, the government's position in Kramer too, and the government's position in Leisman, all of those together showed that Osborne applied a relaxed mismatch test. And our point is that if Osborne applied a relaxed mismatch test and held that 9B did not relate to those, or bear a connection to those federal terms, 3B cannot because it would be inconsistent with Osborne. Well, let me ask you a question that Osborne prompted me to consider. Why could we not at a minimum apply the Shepard approach and look to the charging documents and or the guilty plea colloquy to confirm that Mr. Schatz was convicted of an offense that would meet the federal benchmarks? So, a couple of responses, Your Honor. One, I'm not aware of the government making any Shepard document argument, and under this, under the Supreme Court's decision in Sinéad Smith v. United States, that would violate the principle of party representation for this Court to make that argument for the government. And second, we agree, in fact, not only do we not dispute, but we agree that the prior conviction here is 3B. And we have to take the least culpable conduct under 3B under the Apprendi doctrine and the Taylor doctrine. You know, I want to make sure that I'm following your argument. You're saying 9B, 3B, 6B. I want to make sure, you got to give me the full statute, so I'm following along with you, counsel. I'm sorry. No, no problem. So, in Osborne, the Court addressed 9B, and that language is the exact same as 3B, which is the conviction of Mr. Schatz, except the age of the parties. Wait a minute, so you're 3542-4-9B, that's, you're talking about the Indiana statute. You got to use full words, so I'm following you. Is that what you're referencing? Yes. So, Indiana section 9B was addressed in Osborne, the exact same statute, but 3B is at issue here in Mr. Schatz's case. And both of those statutes have the exact same language. So he was, the prior conviction that he was referenced, that he was charged with is, tell me again? 3B, which is entitled child molesting. So we're talking about two separate convictions. Osborne was dealing with sexual misconduct with a minor, Indiana Code 35-42-4-9B. Yes. The conviction that we're looking at in this case is child molesting under Indiana Code 35-42-4-3B. That is correct, Your Honor. And you're telling me that the language or the reasoning when looking at sexual misconduct with a minor is similar to the reasoning that we should look at when looking at child molestation? Similar in all the ways that favor Mr. Schatz, but actually 3B, which is his prior conviction for- Let's get away from the numbers, okay? Okay. We're talking about child molestation, right? For 3B, yes. 3, okay. And just to be clear with the court, this is not a point in the briefs that were addressed specifically, but the Supreme Court's decision in Taylor says if we don't look to the title of our prior conviction- I just wanted to make sure I was understanding the way that you were arguing and suggesting that there is a 3B in sexual misconduct with a minor and that there is a 9B of sexual misconduct with a minor. I was not displaced by the title. I wanted to make sure that I was referencing the proper statute. Yes, Your Honor. That is correct. And so that's where I was headed with that line of questioning, now that I'm following you, okay? That's all. Thank you. So, but our main point in this case is that not only does 3B suffer the exact same defects that Osborne focused on when addressing 9B, 3B- It was not addressing simply, it was addressing a different statute. That is correct, but the statute's language is, actually it's identical, except for the age of the parties involved. Oh, so it isn't identical, and our decisions in Cramer and Leisman, and their broad interpretation of the relating to language clearly allows for some degree of a mismatch between the state offense and its federal counterpart. So what I'm wondering is, at what point, in your view, does the mismatch become too great? You're saying, you know, it has to be identical, or that's what I thought I heard you say. No, Your Honor. Just to clarify our argument, our first argument in the brief, and our main argument, is that Osborne applied a relaxed mismatch test, just like Leisman did. Osborne held that a materially identical prior conviction did not relate to the same exact federal abuse clauses that we're dealing with here today. But if the court were to hold that Mr. Schatz's prior conviction under 3B does relate, in the broad sense, in the Leisman sense, in the Osborne sense, to those federal predicates, then we would ask the court under first principles to apply the strict mismatch test. But we don't think the court really has to deal with that because this is just a simple application of Osborne. And so going back to Osborne... Counsel, in order to determine whether Osborne or Leisman applies here, one of the things we need to look at is, what is the least serious conduct that's covered? You agree with that? Yes. Okay. Now, you have mentioned, I think at least once, that one of the ways the statutes differ is the age. I'm confused how a different statute, Indiana Code 3130.30-2, the juvenile transfer statute, should be read in this categorical approach. Because if I'm reading that statute right, there are additional things that would have to happen for anyone over 18 to be convicted under this 3B statute. So do I read those two together and say that an offender needs to be over 18? Or do I read that out because there's at least some circumstance where someone could be transferred into adult court? So I think the simple answer is that we have to consider what is the least culpable conduct for this conviction.  And my question is, how do we do that in relation to the juvenile transfer statute? I think we have to look at Indiana law in whole. And it says that a 14-year-old defendant, even for an adult conviction, could suffice under Indiana law and 3B. And we have cases showing that defendants were charged under 3B when they were under 18 years old. And I think the government's argument... But were they charged as adults? No, they were charged as juveniles. Okay. And does that count as a conviction? Yes, it's an adult conviction. So the government is raising two specific arguments. The government says, one, we can't consider juvenile adjudications. That's one bucket. The other bucket is that even adult convictions, which I think the government concedes, could trigger the enhancement here. It could include a defendant who is 14 years old. And so our point is that you can't look at the age of the defendant because that violates the cardinal rule of the categorical approach, which is you only consider the elements of a prior conviction. You cannot consider the defendant's age. And if the court goes and looks beyond the elements, it's going to be violating Apprendi and Taylor. But the age is itself a function of statute because you need to be transferred from juvenile court if you're not. And there are certain things in Indiana statute that would permit a 14-year-old to be charged as an adult for it to be a conviction for us to even be here as a relatable offense. And my point is that the court has to assume that happened here because they can't look at Mr. Schatz's facts. We're not asking the facts, the charging documents themselves. Are you suggesting that? When the government has not made that argument, there are no Shepard documents in the record that I'm aware of. So that would be, going back to Judge Roedner's question, that would be, in my view, a violation of the principle of party representation for this court to make that argument for the government. You know, as you point out, it is possible for a person under the age of 14 to be convicted under Section 3B, but does that matter? If we were to agree with the Eighth Circuit that a juvenile delinquency adjudication cannot trigger a sentence enhancement under Section 2252A, I mean, I take your point that normally the categorical analysis looks solely at the elements of the state and federal offenses, but doesn't the relating to language allow us to engage in a less rigid, more practical comparison of the two statutes? It does, Your Honor. It certainly does. But Osborne applied that same test that you're referencing, and Osborne held that 9B did not relate. As the government concedes, Osborne held that 9B did not relate to any of those federal predicates. And so my ultimate point is that— The difference, though, in the statute that was being considered in 9B of not being related to was this question of abusiveness, that sexual misconduct with a minor and the 18 and 16-year-old age difference. Yes. And so that reasoning there is somewhat stretched to its limits when we move to a different statute that criminalizes molestation or fondling of someone 13 and below. And under Indiana law, 13 and below are unable to consent. And so how would we address this notion of lack of consent in answering the abusive question, which is what Osborne was focused on? So my answer to that, Your Honor, is sort of twofold. One, Osborne did use the phrase, very young girls. But remember, in Osborne, the 9B covered a 14-year-old. And so it's hard to think that 14 was not very young. Allow me to finish. We're not focused on 14. I need you to move away from the statute that Osborne was considering. I need you to address the case that I'm asking about where abusiveness is 13 and below. Looking at the statute alone, 13 and below in Indiana cannot consent. Would that equate to abusiveness? Go ahead. But it's very important to consider the Court's case law. My point, I'm not trying to harp on Osborne too much, but my point is that the 15-year-old in Osborne couldn't legally consent either. What the Court was getting at was the fact that it was pointing to statutory rape cases and saying that a combination of youth and age difference would prevent effective consent. And so Osborne said, listen, two and a half years, two years is not enough here to really allow this to fill that bucket. But here under 3B, we're only dealing with a one-year age difference, I mean a one-day age difference. So it's hard to think that something could not be abusive when it's an 18-year-old and a 15-year-old, but something could be abusive when it's a 14-year-old and another 14-year-old minus one day. Yes. Judge Pryor, may I ask a question? I know that you'll give Mr. Leone his rebuttal time. Yes, I will. Go right ahead. I'm wondering how realistic is it that someone might be convicted under Section 3B for the fondling of someone's shoulder or feet, for example, given the Indiana cases that say the requisite intent to arouse or to satisfy sexual desires will not be established by touching such areas? Your Honor, in Bass, which is an Indiana case, all the defendant did was touch the back with requisite sexual intent, and that sufficed for a conviction under 3B. So we only have to show one case, and even if we didn't have one case, the plain language of the statute itself would allow that conduct, and that's all we have to show under the realistic probability test. Are you saying that this individual – I don't know the case, I'm afraid, but are you saying that this individual was aroused by touching someone's back? Yes, Your Honor, and actually in McFadden, which is another Indiana case, there was no contact between the defendant and the victim, and there was still a conviction. Oh my goodness, I don't want to go on the buses anymore. Okay. Counsel, you've stated this one-day age difference, right? I see two ways that you can get there. One is to say that juvenile adjudications count. That's right. You have a problem with the Eighth Circuit, we haven't ruled on that. The other is to say, well, someone can be transferred to adult court, but there's a statute that deals with that, and I'm not sure that there aren't additional things that would have to occur outside of 3B for that to happen. So are you asking us to decide that there can be a day age difference because you want juvenile adjudications to count as convictions for this statute, or are you asking us to look at how the juvenile transfer statute operates and say that anyone could have been transferred to adult court even if there was a day age difference? The answer is both, but we think that the easiest way for the court is just to look at adult convictions and say that there's only a one-day age difference. Under adult convictions, not even two years was enough under Osborne. One day cannot be enough to show abuse. When you say adult convictions, are you saying someone transferred into adult court? That is an adult conviction. So a person can be 14 years old and receive an adult conviction, not a juvenile conviction. Then you're saying that the Indiana statute that would have allowed for the juvenile court to give up jurisdiction would have applied, correct? That's one way it could happen, but there are other ways as well. Thank you, counsel. Thank you, Your Honor. Thank you. Yeah. You may proceed. May it please the court. Brian writes for the United States. Leisman controls the analysis and the application of this case. This court should ground its decision in an en banc decision from last year and not a panel decision from 15 years ago. Judge Roeder, I'm sorry to interrupt you, Your Honor. I think you're correct that Mr. Schatz is reading Osborne to require identical abuse, and that runs counter to Leisman. That reading, so while we are not arguing that Osborne is overturned, that his reading of Osborne does not withstand Leisman. That being said, even if we meet Osborne on its face, we still prevail. Osborne identified four factors that made sexual conduct abusive. Two of those are present in the Indiana child molest statute. One, the conduct is with very young girls. In fact, Osborne pointed affirmatively to Indiana child molest, I think page 119 in the opinion, and said that is the province of crimes against young children. So that is present in child molest where it's not in sexual misconduct with a minor. Second, Osborne said conduct is abusive if it's without consent. Child molest is always without consent. It is unlike sexual misconduct of a minor, which can be conduct between two high schoolers. This is always conduct with children 13 and under who cannot consent under the law in Indiana or in any jurisdiction. With that on the relating to, I think I want to address Judge Kohler. You got into the juvenile transfer. Before we do, if you don't mind, I would like to get my question in. And that is, as I read our decisions in Kramer and Leisman, they don't give us much guidance on how much of a mismatch there can be between the state statute and its federal counterpart. Before we might say that the state offense is not one relating to child sexual abuse as it is understood under federal law. Can you give me any help in that respect? Yes, Your Honor. I would like to address that by talking about what this court has said and also what the Supreme Court has said in other circumstances. Leisman said the court should look to the core purpose. So I think the main test is you take the least serious conduct and see if that relates to the core purpose of the federal benchmark. And here, Indiana child molesting relates to the core purpose that's preventing adults from sexually touching children under the age of 13. That is the core purpose of both statutes, preventing adults from touching with sexual intent children. Now, I'm going to read between the lines and think that Your Honor is maybe asking about the outer bounds of this. I don't know if it is necessary or even possible to draw a bright line rule, but the Supreme Court has given some guidance in drawing a line. In Lockhart, the Supreme Court said that minor offenses like indecent exposure with adults or public lewdness should not count or other bizarre or unexpected state offenses. Indiana child molest is not an unexpected offense that Congress would have thought qualified. It is the most serious sex crimes case in the state of Indiana. Of course, fondling in subsection B is less serious than subsection A, which is more context. I don't want to say that this is the most serious, but it is under the same child molestation umbrella. We would also point the court to Escobar-Quintana, where in addressing a similar statute about sex misconduct with the minor, the Supreme Court said that the generic age of consent is 16. So there are a few data points that draw on that line, but I don't think the court really needs to grapple with that here because the core purpose of federal benchmarks and Indiana child molest is preventing adults from touching children with sexual desire. When we're looking at this statute in particular, can you explain for us how it categorically prohibits abusive sexual contact with a minor? Categorically? Well, categorical approach here is more lax because we're relating to. I would just go back to that core purpose. And so are we limited to just abusive sexual conduct? Could we pull in aggravated sexual abuse, sexual abuse, or? So we have gone with the sexual contact definition in 2243, though I would point out that 2252 AB2 says sexual conduct, not sexual contact. So we think the predicate statute is broader even than 2246-3 because it doesn't require actual contact. And we've cited cases in our brief standing for that proposition. Though under Indiana Supreme Court precedent, Indiana child molest completed does require touching. I did want to point out my opponent said McFadden was non-contact. McFadden is a sexual misconduct with a minor case. It's not a child molest case. So the special rules for child molest under bond do not apply. So what's your response to the least serious conduct can be a day age difference? The least serious conduct would be an 18-year-old touching a 13-year-old on the back or sides. That relates to an adult touching an 11-year-old on the butt or inner thigh. I don't think we've really heard a reason why those things are different. But you get there using the juvenile transfer statute. So if we were turning to that, I would like to address this on two broad points, why the court should not even go there and why, if the court does, Mr. Schatz has not proven over breadth on that. Starting with, I think, number one, the court should not go there. The categorical approach compares the statute of conviction with the federal benchmark. The statute of conviction here is Indiana child molest, which requires 18 or over and 13 and younger. Mr. Schatz was an adult when he committed this crime, so the juvenile transfer statute has nothing to do with Mr. Schatz. Can you get there just from the charging documents that he was charged as an adult? Yeah, he was an adult. He was 24. No one disputes that. The PSR says that, too. He was an adult. I don't know of any case, and Mr. Schatz has not cited a single case, where we can import a different juvenile system onto the state predicate statute. This statute is 18 and over. Perhaps the court could do so if the defendant was transferred juvenilely to an adult. That might be a case to look into a juvenile waiver statute. I would caution the court doing that, because it would open a can of worms, not just a 2252A. If a state has an overly broad juvenile transfer, that could threaten categorical approach arguments in ACCA, and career offender, 924C, down the line, crimes of violence, drug offense. The court should not go there. Point two. Even if the court were inclined to go there here, under Duenas-Albres, Mr. Schatz has to show overbreath. He has not done so to the juvenile transfer statute or its application. Number one, every state in the nation and federal law has a juvenile transfer statute. Mr. Schatz has not even attempted to argue that Indiana's juvenile transfer statute is overbroad compared to a generic transfer statute, which, by the way, we don't know what that generic statute might be, because Mr. Schatz has not tried to identify it. And I will just say on that, I look quickly. Indiana's not an outlier in this circuit, so Wisconsin would allow 15-year-olds to be transferred, Illinois, 13-year-old transfer for this, Indiana's 14, so Indiana's right in the middle. Mr. Schatz has not shown overbreath on that. Even if he had, he would then have to show a reasonable probability that this 14- and 13-year-old scenario would exist. He has not done so. He's not cited a single case where that's happened. And I think the statute itself, Indiana's juvenile transfer statute and Indiana Court of Appeals precedents show that that is very unlikely. Judge Kohler, as you mentioned, to get transferred as a 14-year-old, the juvenile transfer requires heinous or aggravated offenses or repeat. I think it's unlikely that a 14- and a 13-year-old touching each other would be considered heinous or aggravated. If it is because of repeated, while I still think it's unlikely, that actually gets into the type of offender that Congress wanted to sweep up here. Moreover, you have to look at what the Indiana Court of Appeals has said about peer-to-peer touching. I think in no uncertain terms, they said that peers touching each other should not be transferred to adult court for criminal conviction. Stepping back from that, I think it's useful to think about all the things that would have to happen for this to occur. First of all, the 13- and 14-year-old would have to touch each other. I'm sure that's happening. That would have to be discovered. Whoever discovered that would have to then think it's criminal or delinquent. I don't think most parents or guardians would think a 14- and a 13-year-old separated by a day is something to go to police about. After that happened, law enforcement would have to decide to charge it. The prosecution would then have to seek adult transfer because it was heinous, aggravated, or repeated. The juvenile judge would then have to accept that transfer, send it to adult criminal court. The prosecution would have to convince a jury that a 14-year-old touching a 13-year-old 364 days is a criminal offense beyond reasonable doubt. Then on appeal, because every defendant in Indiana is constitutionally entitled to appeal, the Indiana Court of Appeals would have to affirm that conviction despite everything they've said about peer-to-peer touching. We do not think that's a reasonable probability. How is then Section 3B, this section was kind of, how is it categorically abusive if we found in Osborne that sexual contact with a minor 9B is not? Because of the ages. I agree that the 13 and 14 line is artificial, but Osborne noted that is important. What is important, maybe even more, is it doesn't include high school and high schooler touching. It's above 18 and under 13. That's not common to use Osborne's language. As our citations show, the child molestation statutes across the nation at 14 and under is relatively normal. I think the court should be cautious about drawing that distinction and sweeping away and rendering the statute null effectively. Any additional questions? Judge? Yeah, I'm thinking, you know, you've pointed out that the Indiana cases say the intent to arouse or satisfy one's sexual desires won't be shown by touching areas other than the genitals, buttocks, breast, or inner thigh. But could one still be convicted for touching someone's shoulder or feet, for example, if there were other evidence suggesting that the touching was done with an intent to arouse or gratify, as Mr. Leone noted, the case? And look, what if a perpetrator has a known foot fetish, for example? Do the Indiana cases rule out a conviction in those circumstances? Your Honor, I think I'll start this answer by broadly walking back that point in my brief. So Mr. Schatz identified cases on page 10 of his reply brief that show Indiana does apply to overbroad anatomy. Not all those cases do, but three of them do. So McFadden and Wilkinson do not, because they're not Indiana-completed child molest offenses. However, Bass, Vergara, and Davis do show an overbreadth, and that's French kissing and the touching of the full back and sides. So the minimum we have here is the full back and sides. And we think that is very comparable to butt or inner thigh. If it is not, I think the court would be asking for a one-to-one match, and that's not what Leisman says. If there is a huge gap that— Touching someone's back is equal to someone touching center thigh? Is that what you just said? No, no, no, no. I'm saying that it's not a one-to-one match, I agree, but it would relate to. I don't think there's a big difference when an 18-year-old is touching a 13-year-old if they touch on the butt or sides or back. One is worse, but if relating to doesn't encompass that conduct, I think you're really back to a one-to-one categorical match, which this court refused in Kramer and Leisman. And there has been—Mr. Schatz has not cited a case for rubbing of feet, although there— because the federal 2252a.b. does say sexual conduct, not sexual contact, we think non-contact offenses are swept up in that. If Congress wanted to require contact, it could have said contact, which it did in 2246.3. If there are no further questions, we'd ask the court to affirm. Thank you, counsel. Two minutes on rebuttal. Thank you, Your Honor. Several quick points in response. First, if I understand my friend correctly, he says that Osborne applied a strict mismatch test. That's inconsistent with this court's suggestion in Gieselin, with the suggestion in Kramer, with the government's own position at oral argument in Kramer, and the government's position in Leisman. So our position is that Osborne applied a relaxed test and that we win under it for the same reasons as Osborne. Second, the government tries to make a big deal between abusive sexual contact and abusive sexual conduct, but Osborne dealt with abusive sexual conduct and analogized to the abusive sexual contact language. So that's no difference here. Third, the government also points to the language of 3b and says that the language itself shows that an 18-year-old had to be convicted. That's wrong. If you read 3b, it says a person who, with a child under 14 years of age, et cetera. So there's no requirement that the person has to be 18, and we cited several cases showing that a person can be under 18 as an adult conviction and even under 14 for a juvenile adjudication. The government also says the PSR shows that Mr. Schatz was an adult when he committed this crime under 3b. Not only is the PSR not a Shepard document, but you can only look to the Shepard documents to fulfill the elements. You can't look for facts. Here, an element of the crime is not that you're 18, as the language itself shows. Last, the answer to Judge Pryor's question was suggests that the government believes it really can only win if the least culpable conduct is someone who is 18 years old because it realizes that if it's not, you fall into the Osborne problem. And we've just cited case after case showing that a conviction for 3b could be under – could be a defendant who was under 18, and the court has to assume the least culpable conduct. And analyzing Mr. Schatz's prior conviction. What question do you think that he was answering? I don't remember the exact questions, to be honest, but his answer suggested that the least culpable conduct was an 18-year-old and a 13-year-old, and that's just not correct under Indiana law. Thank you, Your Honor, for your time. Thank you. Thank you, counsel. Thank you. Thank both sides. We're going to take a brief 10-minute recess before we take up case number three.